**EXHIBIT A**

STATE OF MINNESOTA                                                 DISTRICT COURT

COUNTY OF WASHINGTON                            TENTH JUDICIAL DISTRICT

Case Type: Contract

Forest Lake Facilities, LLC, and
Forest Lake, MN, Limited Partnership,           Court File No: _____

            Plaintiffs,

v.                                                           COMPLAINT

Wells Fargo Bank, N.A.,

            Defendant.

For their Complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), Plaintiffs Forest Lake Facilities, LLC and Forest Lake, MN, Limited Partnership (together, "Forest Lake") state and allege as follows:

## PARTIES

1. Plaintiff Forest Lake Facilities, LLC is a Delaware limited liability company.

2. Plaintiff Forest Lake, MN, Limited Partnership is a Delaware limited partnership.

3. Defendant Wells Fargo is a national banking association authorized to do business in Minnesota, with a registered office address of 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

## BACKGROUND

I. **The Mortgage and Note.**

4. Forest Lake executed and delivered to CIBC, Inc. ("CIBC") a mortgage dated June 5, 2006 (the "Mortgage") against real estate located at 1943 West Broadway Avenue, Forest Lake, Minnesota 55025 (the "Mortgaged Property") as security for a promissory note executed by Forest Lake on June 5, 2006, in favor of CIBC (the "Note").

5.  Pursuant to the Note, the balloon payoff of the loan (the "Balloon Payment") became due on July 1, 2016 (the "Balloon Date").

6.  Wells Fargo is the assignee of CIBC's rights and obligations as mortgagee under the Mortgage and as lender under the Note.

7.  At all relevant times, Berkadia Commercial Mortgage, LLC ("Berkadia") acted as Wells Fargo's servicer with respect to the Mortgage; in that capacity, Berkadia functioned as Wells Fargo's duly authorized agent.

II. **The Proposed Modification of the Lease.**

8.  Forest Lake leases the Mortgaged Property to Home Depot for its use of the Mortgaged Property as a store location pursuant to a written lease (the "Lease").

9.  Throughout late 2015 and early 2016, in advance of the Balloon Date, Forest Lake and Home Depot negotiated an amendment to the Lease whereby the rental rate would have been slightly lowered and the lease term would have been extended (the "Proposed Lease Modification").

10. The term of the Lease expires on April 30, 2018. Therefore, the effect of the Proposed Lease Modification would have been to increase the value of the Mortgaged Property, given that the value of triple-net leased real estate—*i.e.*, leased real estate for which the tenant pays all expenses—increases as the underlying lease term is extended farther into the future, even when the rental rate is slightly reduced.

11. This increase in value of the Mortgaged Property would have allowed Forest Lake to sell the Mortgaged Property in advance of the Balloon Date at a high enough value to make the Balloon Payment.

12. With respect to amendments of the Lease, Section 1.10(c) of the Mortgage provides as follows:

> Amendments to Leases. Borrower shall not, without prior written consent of Lender, amend, modify or waive the provisions of any Lease or terminate, reduce rents under, accept a surrender of space under, or shorten the term of, any Lease (including any guaranty, letter of credit or other credit support with respect thereto)[.]

13. While other lender-consent provisions in the Mortgage provide that Wells Fargo can withhold consent in its sole discretion, with respect to amendments to the Lease to reduce rents, Section 1.10(c) does not authorize Wells Fargo to deny consent in its sole discretion without a reasonable basis for doing so.

14. Under Minnesota law, Wells Fargo had a duty to act reasonably in considering the Proposed Lease Modification and to act in good faith and deal fairly with Forest Lake under the Mortgage and Note.

### III. Wells Fargo's Unreasonable Denial of Consent to the Proposed Lease Modification.

15. In keeping with Section 1.10(c), on February 18, 2016, counsel for Forest Lake sent a draft written lease amendment memorializing the Proposed Lease Modification to Berkadia.

16. On March 18, 2016, Forest Lake's counsel provided additional information and documentation, as requested by Berkadia.

17. On March 22, 2016, Berkadia sent correspondence to Forest Lake's counsel stating that the Proposed Lease Modification would be submitted to the committee for approval that day.

18. In that same March 22 correspondence, Berkadia explicitly acknowledged the impending Balloon Date as well as the relationship between the Proposed Lease Modification, the valuation of the Mortgaged Property, and Forest Lake's ability to make the Balloon Payment.

19. Berkadia, however, did not submit the Proposed Lease Modification to the committee on March 22, instead requesting additional information of Forest Lake.

20. On March 23, 2016, Forest Lake's counsel again provided additional information and documentation, as requested by Berkadia, and explicitly observed that the delay in obtaining Wells Fargo's consent to the Proposed Lease Modification was hindering Forest Lake's ability to make the Balloon Payment.

21. Also on March 23, Forest Lake's counsel observed in written correspondence to Berkadia that the risk impact of the Proposed Lease Modification for Wells Fargo was minimal given that the effective date of the Proposed Lease Modification was only one month prior to the Balloon Date.

22. On March 29, 2016, Berkadia informed Forest Lake that the committee required, among other information, current financial statements for Forest Lake's non-recourse carve-out guarantors under the Mortgage and Note.

23. On April 1, 2016, Forest Lake's counsel sent Berkadia correspondence responding to the committee's request for guarantor financials, observing that the committee's request for guarantor financials had nothing to do with the Proposed Lease Modification.

24. Wells Fargo, through Berkadia, declined to consent to the Proposed Lease Modification on May 2, 2016, citing as its sole basis Forest Lake's failure to provide unrelated guarantor financials.

IV. **Forest Lake's Irreparable Harm.**

25. Forest Lake had to sell the Mortgaged Property in order to make the Balloon Payment. Forest Lake's ability to sell the Mortgaged Property at a sufficiently high value to make the Balloon Payment was dependent upon an extension of the Lease.

26. As a result of Wells Fargo's failure to consent to the Proposed Lease Modification, Forest Lake was unable to make the Balloon Payment.

27. Wells Fargo has now initiated foreclosure by advertisement, and the Mortgaged Property is to be sold on May 16, 2017, at a foreclosure sale.

28. Wells Fargo declined to consent to the Proposed Lease Modification, which had the effect of preventing a sale of the Mortgaged Property by Forest Lake in advance of the Balloon Date at a value that would have allowed Forest Lake to make the Balloon Payment.

29. Wells Fargo unlawfully intends to conduct a foreclosure sale relating to the Mortgaged Property on May 16, 2017.

30. If the Mortgaged Property is sold in foreclosure, Forest Lake's ability to sell the Mortgaged Property, as necessary for its performance under the Note, will be hindered or destroyed.

31. Meanwhile, Wells Fargo has received, and continues to receive, all rental revenues from the Mortgaged Property on a monthly basis, without deduction for Forest Lake's landlord costs and expenses under the Lease. In addition, all other property management requirements with respect to the Mortgaged Property, including but not limited to payment of taxes and insurance, are being satisfied by Forest Lake or Home Depot.

## COUNT I
(Breach of the Mortgage)

32. Forest Lake restates and realleges the preceding paragraphs as though fully set forth herein.

33. Wells Fargo's actions constitute a breach of the Mortgage.

34. As a direct and proximate result of Wells Fargo's breach of the Mortgage, Forest Lake has incurred damages in an amount not yet reasonably determined, but in excess of $50,000.00.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

35. Forest Lake restates and realleges the preceding paragraphs as though fully set forth herein.

36. Under Minnesota law, the Mortgage and Note contain an implied covenant that requires each party to the Mortgage and Note to deal with one another fairly and in good faith.

37. As set forth above, Wells Fargo failed to deal with Forest Lake fairly and in good faith in the course of the parties' performance under the Mortgage and Note.

38. Wells Fargo's conduct unjustifiably hindered and interfered with Forest Lake's ability to perform its obligations owed to Wells Fargo under the Mortgage and Note.

39. As a direct and proximate result of Wells Fargo's breach of the implied covenant of good faith and fair dealing, Forest Lake has incurred damages in an amount not yet reasonably determined, but in excess of $50,000.00.

## COUNT III
### (Declaratory Judgment)

40. Forest Lake restates and realleges the preceding paragraphs as though fully set forth herein.

41. Minn. Stat. § 555.01 authorizes the Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

42. Forest Lake requests a declaration of the Court that Wells Fargo breached the Mortgage by failing to consent to the Proposed Lease Modification.

43. Forest Lake requests a declaration of the Court that Wells Fargo breached its duty to act in good faith and fair dealing.

44. Forest Lake requests a declaration of the Court that Wells Fargo's conduct unjustifiably hindered and interfered with Forest Lake's ability to perform its obligations owed to Wells Fargo under the Mortgage and Note.

45. Forest Lake requests a declaration of the Court that any sale by Wells Fargo of the Mortgaged Property in foreclosure is enjoined and set aside as void as a result of Wells Fargo's breaches of its contractual and other legal duties to Forest Lake.

## COUNT IV
### (Tortious Interference With Prospective Business Advantage/Contractual Relations)

46. Forest Lake restates and realleges the preceding paragraphs as though fully set forth herein.

47. Wells Fargo's refusal to consent to the Proposed Lease Modification caused Forest Lake to lose the ability to perform its obligations under the Mortgage and Note.

48. Wells Fargo's actions were without justification and were done to induce third-party lenders not to enter into prospective contractual relations with Forest Lake.

49. Wells Fargo's interference has damaged Forest Lake in an amount not yet reasonably determined, but in excess of $50,000.00.

## COUNT V
### (Injunctive Relief)

50. Forest Lake restates and realleges the preceding paragraphs as though fully set forth herein.

51. Wells Fargo's refusal to consent to the Proposed Lease Modification has caused and will continue to cause Forest Lake irreparable harm.

52. Forest Lake is entitled to injunctive relief against Wells Fargo, enjoining and restraining Wells Fargo from selling the Mortgaged Property at a foreclosure sale.

WHEREFORE, Plaintiffs Forest Lake Facilities, LLC and Forest Lake, MN, Limited Partnership request judgment as follows:

A. Awarding Plaintiffs damages from Wells Fargo in an amount not yet reasonably determined, but in excess of $50,000.00;

B. Declaring that Wells Fargo breached the Mortgage by failing to consent to the Proposed Lease Modification; that Wells Fargo breached its duty to act in good faith and fair dealing; that Wells Fargo's conduct unjustifiably hindered and interfered with Forest Lake's ability to perform its obligations owed to Wells Fargo under the Mortgage and Note; and that any sale by Wells Fargo of the Mortgaged Property in foreclosure is enjoined and set aside as void as a result of Wells Fargo's breaches of its contractual and other legal duties to Forest Lake;

C. Enjoining and restraining Wells Fargo from selling the Mortgaged Property at a foreclosure sale;

D. Awarding Plaintiffs their costs and disbursements, including reasonable attorneys' fees, incurred herein; and

E. Granting such other relief as the Court deems proper.

Dated: May 11, 2017

/s/ John M. Koneck
John M. Koneck (#0057472)
Kyle W. Ubl (#0395872)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com
kubl@fredlaw.com
Telephone: 612.492.7000

Attorneys for Plaintiffs

## ACKNOWLEDGMENT

Plaintiffs, through undersigned counsel, acknowledge that costs, disbursements and reasonable attorneys' and witness fees may be awarded to the opposing party pursuant to Minn. Stat. § 549.211.

Dated: May 11, 2017

/s/ John M. Koneck
John M. Koneck (#0057472)
Kyle W. Ubl (#0395872)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com
kubl@fredlaw.com
Telephone: 612.492.7000

Attorneys for Plaintiffs