**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Forest Lake Facilities, LLC,
Forest Lake, MN, Limited Partnership,

Civil No. 17-1766 (DWF/TNL)

Plaintiffs,

**MEMORANDUM
OPINION AND ORDER**

v.

Wells Fargo Bank, N.A.,

Defendant.

---

John M. Koneck, Esq., and Kyle W. Ubl, Esq., Fredrikson & Byron, PA, counsel for Plaintiffs.

Andrew R. Shedlock, Esq., Christopher P. Parrington, Esq., and Jeremy D. Peck, Esq., Kutak Rock LLP, counsel for Defendant.

---

**INTRODUCTION**

The plaintiffs in this case are commercial borrowers who filed suit after the defendant refused to consent to a lease modification as needed under the mortgage agreement. The defendant contends that it had the sole discretion to deny the modification, but the plaintiffs allege that the defendant acted in bad faith. The defendant has moved to dismiss the complaint. For the reasons discussed below, the Court denies the defendant's motion.

# BACKGROUND

In 2006, Plaintiffs Forest Lake Facilities, LLC and Forest Lake, MN, Limited Partnership (collectively, "Forest Lake") executed a mortgage with CIBC, Inc. for real property at 1943 West Broadway Avenue, Forest Lake, Minnesota (the "Mortgaged Property") in exchange for a $5.75 million promissory note (the "Note"). The Note contained a balloon payment due on July 1, 2016. Subsequently, Defendant Wells Fargo Bank, N.A. became the registered trustee of the mortgage.

To pay the balloon payment, Forest Lake needed to sell the Mortgaged Property. Forest Lake had leased the Mortgaged Property to Home Depot, and the lease was set to expire on April 30, 2018. In late 2015, Forest Lake began negotiating a lease extension, which would boost the Mortgaged Property's value.

To modify the lease, Forest Lake needed Wells Fargo's consent. The Mortgage contains two relevant provisions in Section 1.10:

> (a) <u>Entering Into Leases</u>. Borrower will not enter into, modify, amend, consent to cancellation of or terminate any Lease, whether now existing or hereafter entered into, without the prior written consent of Lender, which consent may be granted or withheld at Lender's sole discretion.
> . . .
> (c) <u>Amendments to Leases</u>. Borrower shall not, without the prior written consent of Lender, amend, modify or waive the provisions of any Lease or terminate, reduce rents under, accept a surrender of space under, or shorten the terms of, any Lease (including any guaranty, letter of credit or other credit support with respect thereto) (the foregoing, collectively, a "Lease Modification").

2

(Doc. No. 1-3.) Forest Lake requested a modification, but the request was ultimately denied. Without the modification, Forest Lake was unable to sell the Mortgaged Property to make the balloon payment. Wells Fargo foreclosed on the Mortgaged Property. Forest Lake contends that Wells Fargo denied the modification in bad faith because Wells Fargo wanted to seize the Mortgaged Property to sell in foreclosure.

Forest Lake has brought five claims: (1) breach of the mortgage; (2) breach of the implied covenant of good faith and fair dealing; (3) declaratory judgment; (4) tortious interference with a prospective contract; and (5) injunctive relief. Wells Fargo moves to dismiss.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Wells Fargo's Motion

Wells Fargo has two principal arguments: (1) Forest Lake's claims fail because Wells Fargo had the sole discretion to grant a modification; and (2) Forest Lake cannot demonstrate damages because its obligation to pay the Note was absolute and unconditional.

First, Wells Fargo argues that Forest Lake's claims fail because Wells Fargo had the sole discretion to consent to the lease modification. As a result, Wells Fargo contends, Forest Lake's claim for breach of contract fails because there was no breach[1];

---

[1] Wells Fargo also argues that Forest Lake's claim for breach of contract fails because Forest Lake was in default. The elements of a breach of contract claim are: "'(1) formation of a contract; (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant; and (3) breach of contract by defendant.'" *Watkins Inc. v. Chilkoot Distrib., Inc.*, 719 F.3d 987, 991 (8th Cir. 2013) (quoting *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)). Here, Wells Fargo does not contend that Forest Lake failed to perform a condition precedent to
(Footnote Continued on Next Page)

its claim for breach of the implied covenant of good faith and fair dealing fails because the contract explicitly provided for withholding consent; Forest Lake's claim for tortious interference fails because Wells Fargo was justified under the contract; and Forest Lake's claims for declaratory and injunctive relief likewise fail because they are predicated on a breach of contract or the implied covenant of good faith and fair dealing.

"Minnesota courts imply a covenant of good faith in every contract which requires one party not to unjustifiably hinder the performance of another party." *Residential Funding Co., LLC v. Terrace Mortg. Co.*, 725 F.3d 910, 917-18 (8th Cir. 2013). Here, Forest Lake alleges that Wells Fargo denied the modification in bad faith because Wells Fargo wanted to profit by seizing the Mortgaged Property through foreclosure proceedings. Wells Fargo argues that it did not engage in bad faith because it was merely exercising its contractual rights to deny the modification. But Wells Fargo does little to dispute that Forest Lake has adequately alleged bad faith. Moreover, the cases that Wells Fargo cites to the contrary were before the courts on motions for summary judgment and either did not address bad-faith allegations, or explicitly rejected that the defendant had engaged in bad faith. *See Residential Funding Co., LLC*, 725 F.3d at 917-18 (rejecting that Residential had engaged in bad faith after noting that Minnesota courts imply a good-faith requirement in every contract); *Ally Bank v. Bay–Valley Mortg. Grp.*, Civ. No. 14-508, 2015 WL 12683832, at *4 (D. Minn. July 14, 2015) (citing

---

(Footnote Continued From Previous Page)
receiving the modification. Thus, Forest Lake has adequately alleged a breach of contract.

5

*Residential Funding* as determinative, but does not address bad faith); *Cherne Contracting Corp. v. Marathon Petroleum Co.*, Civ. No. 04-4923, 2008 WL 398809, at *3-5 (D. Minn. Feb. 11, 2008) (granting summary judgment for breach of contract claim because the defendant terminated the contract, but the plaintiff never argued a bad-faith termination) *aff'd sub nom. Cherne Contracting Corp. v. Marathon Petroleum Co., LLC*, 578 F.3d 735 (8th Cir. 2009); *Sports & Travel Mktg., Inc. v. Chicago Cutlery Co.*, 811 F. Supp. 1372, 1377-79 (D. Minn. 1993) (granting summary judgment for a breach-of-contract claim because the defendants could terminate the contract without cause and the plaintiff had failed to identify any breaches of the terms of the contract). The Court therefore denies Wells Fargo's motion to the extent that it seeks to dismiss Forest Lake's claims on the basis that the Mortgage allowed Wells Fargo to withhold consent in its sole discretion.[2]

Second, Wells Fargo argues that Forest Lake's claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail because payments under the Note were unconditional and absolute. As a result, Wells Fargo argues, Forest Lake

---

[2] Wells Fargo also cites *Gieseke ex rel. Diversified Water Diversion, Inc. v. IDCA, Inc.*, 844 N.W.2d 210, 219-20 (Minn. 2014) for the proposition that Forest Lake's tortious interference claim fails because Forest Lake failed to allege independently tortious or unlawful conduct. The Minnesota Supreme Court in *Gieseke* concluded that to protect competition, the tortious interference must be either independently tortious or unlawful. Here, the Court concludes that whether Wells Fargo's conduct was improper is necessarily tied up with whether its conduct was otherwise justified under the contract. And because justification in this case cannot be resolved on a motion to dismiss, the Court likewise concludes that whether Wells Fargo's conduct was improper cannot be resolved on a motion to dismiss. *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 164 F. Supp. 3d 1117, 1138 (D. Minn. 2016) (noting that discovery will assist in determining whether the defendant's conduct was improper or justified).

cannot establish damages from any wrongful conduct. But at the pleading stage, the plaintiff does not need to plead damages for a breach of contract. *Arctic Cat, Inc. v. Polaris Indus. Inc.*, Civ. No. 13-3579, 2014 WL 5325361, at *19 (D. Minn. Oct. 20, 2014) ("Because the Minnesota Supreme Court has recognized that a plaintiff need not necessarily plead damages in order to survive a motion to dismiss a breach of contract claim, the Court will decline to dismiss on this basis."). Similarly, for a breach of the implied covenant of good faith and fair dealing, a plaintiff must simply allege a causal link between the damages and the breach. *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 671 (8th Cir. 2012). Here, Forest Lake alleges that Wells Fargo withheld consent to the lease modification in bad faith, which resulted in Forest Lake being unable to sell the Mortgage Property to make the balloon payment. Thus, Forest Lake has adequately pleaded a link between Wells Fargo's purported breach and damages.[3] The Court therefore denies Wells Fargo's motion to the extent it seeks dismissal on the basis of damages.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. No. [6]) is **DENIED**.

Dated: October 19, 2017     s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge

---

[3] The Court is somewhat skeptical of Forest Lake's damages theory that Wells Fargo is liable for Forest Lake's default. But on a motion to dismiss, Forest Lake has adequately alleged that it was damaged as a result of Wells Fargo's bad faith.

7