## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| FOREST LAKE FACILITIES, LLC, and FOREST LAKE, MN, LIMITED PARTNERSHIP, | Civil Action No. 0:17-cv-01766-DWF-TNL |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wells Fargo Bank, N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC16, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC16 (erroneously named in this action as "Wells Fargo Bank, N.A.") ("Trustee"), by and through its undersigned counsel, hereby submits its Answer to Plaintiffs Forest Lake Facilities, LLC and Forest Lake, MN Limited Partnership's (together, "Plaintiffs") Complaint (Doc. 001-1) and, in support thereof, states as follows:

### PARTIES

1. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3. With respect to the allegations in paragraph 3 of the Complaint, Trustee states that the records of the Office of the Comptroller of the Currency speak for themselves, and Trustee denies any allegations in paragraph 3 of the Complaint that are inconsistent therewith.

4827-0020-0787.3

## BACKGROUND

**I.     THE MORTGAGE AND NOTE.**

4. With respect to the allegations in paragraph 4 of the Complaint, Trustee states that the "Mortgage" and "Note" referenced therein speak for themselves, and Trustee denies any allegations in paragraph 4 of the Complaint that are inconsistent therewith.

5. With respect to the allegations in paragraph 5 of the Complaint, Trustee states that the "Note" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 5 of the Complaint that are inconsistent therewith.

6. With respect to the allegations in paragraph 6 of the Complaint, Trustee states that the subject loan documents were assigned/transferred by, *inter alia*, Allonge to it. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, therefore, denies the same.

7. With respect to the allegations in paragraph 7 of the Complaint, Trustee states that Berkadia Commercial Mortgage, LLC was the master servicer of the subject mortgage loan during periods of time relevant to the allegations Plaintiffs assert in their Complaint. The remaining allegations in paragraph 7 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 7 of the Complaint are construed to be factual in nature, Trustee lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, therefore, denies the same.

**II.    THE PROPOSED MODIFICATION OF THE LEASE.**

8. With respect to the allegations in paragraph 8 of the Complaint, Trustee states that the "Lease" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 8 of the Complaint that are inconsistent therewith.

4827-0020-0787.3

9. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the same.

10. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12. With respect to the allegations in paragraph 12 of the Complaint, Trustee states that the "Lease" and the "Mortgage" referenced therein speak for themselves, and Trustee denies any allegations in paragraph 12 of the Complaint that are inconsistent therewith.

13. With respect to the allegations in paragraph 13 of the Complaint, Trustee states that the "Lease" and the "Mortgage" referenced therein speak for themselves, and Trustee denies any allegations in paragraph 13 of the Complaint that are inconsistent therewith.

14. The allegations in paragraph 14 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 14 of the Complaint are construed to be factual in nature, Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies the same.

**III. WELLS FARGO'S UNREASONABLE DENIAL OF CONSENT TO THE PROPOSED LEASE MODIFICATION.**

15. With respect to the allegations in paragraph 15 of the Complaint, Trustee states that the correspondence, "draft written lease amendment," and "Proposed Lease Modification" referenced therein speak for themselves, and Trustee denies any allegations in paragraph 15 of the Complaint that are inconsistent therewith.

16. With respect to the allegations in paragraph 16 of the Complaint, Trustee states that the correspondence and "additional information and documentation" referenced therein speak for

themselves, and Trustee denies any allegations in paragraph 16 of the Complaint that are inconsistent therewith.

17. With respect to the allegations in paragraph 17 of the Complaint, Trustee states that the "correspondence" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 17 of the Complaint that are inconsistent therewith.

18. With respect to the allegations in paragraph 18 of the Complaint, Trustee states that the "correspondence" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 18 of the Complaint that are inconsistent therewith.

19. With respect to the allegations in paragraph 19 of the Complaint, Trustee states that the correspondence referenced therein speaks for itself, and Trustee denies any allegations in paragraph 19 of the Complaint that are inconsistent therewith. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and, therefore, denies the same.

20. With respect to the allegations in paragraph 20 of the Complaint, Trustee states that the correspondence and "additional information and documentation" referenced therein speak for themselves, and Trustee denies any allegations in paragraph 20 of the Complaint that are inconsistent therewith.

21. With respect to the allegations in paragraph 21 of the Complaint, Trustee states that the "written correspondence" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 21 of the Complaint that are inconsistent therewith.

22. With respect to the allegations in paragraph 22 of the Complaint, Trustee states that the correspondence referenced therein speaks for itself, and Trustee denies any allegations in paragraph 22 of the Complaint that are inconsistent therewith.

4827-0020-0787.3

23. With respect to the allegations in paragraph 23 of the Complaint, Trustee states that the "correspondence" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 23 of the Complaint that are inconsistent therewith.

24. With respect to the allegations in paragraph 24 of the Complaint, Trustee states that the correspondence referenced therein speaks for itself, and Trustee denies any allegations in paragraph 24 of the Complaint that are inconsistent therewith.

**IV. FOREST LAKE'S IRREPARABLE HARM.**

25. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies the same.

26. With respect to the allegations in paragraph 26 of the Complaint, Trustee denies that it "failed" to consent to the "Proposed Lease Modification." Further, Trustee denies that any action(s) and/or omission(s) on its part caused Plaintiffs to be "unable to make the Balloon Payment." Trustee lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies the same.

27. With respect to the allegations in paragraph 27, Trustee states that foreclosure proceedings were commenced pursuant to the subject mortgage loan documents. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28. With respect to the allegations in paragraph 28 of the Complaint, Trustee states that the correspondence referenced therein speaks for itself, and Trustee denies any allegations in paragraph 28 of the Complaint that are inconsistent therewith. Further, Trustee denies that any action(s) and/or omission(s) on its part caused Plaintiffs to be unable to "make the Balloon Payment." Trustee lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, therefore, denies the same.

4827-0020-0787.3

29. Trustee denies the allegations in paragraph 29 of the Complaint.

30. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31. Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in 31 of the Complaint and, therefore, denies the same.

## **COUNT I**
**(Breach of the Mortgage)**

32. Trustee hereby incorporates its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Trustee denies the allegations in paragraph 33 of the Complaint.

34. Trustee denies the allegations in paragraph 34 of the Complaint.

## **COUNT II**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

35. Trustee hereby incorporates its responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. The allegations in paragraph 36 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 36 of the Complaint are construed to be factual in nature, Trustee lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies the same.

37. Trustee denies the allegations in paragraph 37 of the Complaint.

38. Trustee denies the allegations in paragraph 38 of the Complaint.

39. Trustee denies the allegations in paragraph 39 of the Complaint.

6
4827-0020-0787.3

## COUNT III
### (Declaratory Judgment)

40. Trustee hereby incorporates its responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. With respect to the allegations in paragraph 41 of the Complaint, Trustee states that "Minn. Stat. § 555.01" referenced therein speaks for itself, and Trustee denies any allegations in paragraph 41 of the Complaint that are inconsistent therewith.

42. The allegations in paragraph 42 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 42 of the Complaint are construed to be factual in nature, Trustee denies the allegations in paragraph 42 of the Complaint.

43. The allegations in paragraph 43 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 43 of the Complaint are construed to be factual in nature, Trustee denies the allegations in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 44 of the Complaint are construed to be factual in nature, Trustee denies the allegations in paragraph 44 of the Complaint.

45. The allegations in paragraph 45 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in paragraph 45 of the Complaint are construed to be factual in nature, Trustee denies the allegations in paragraph 45 of the Complaint.

## COUNT IV
### (Tortious Interference With Prospective Business Advantage/Contractual Relations)

46. Trustee hereby incorporates its responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Trustee denies the allegations in paragraph 47 of the Complaint.

48. Trustee denies the allegations in paragraph 48 of the Complaint.

49. Trustee denies the allegations in paragraph 49 of the Complaint.

## COUNT V
### (Injunctive Relief)

50. Trustee hereby incorporates its responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Trustee denies the allegations in paragraph 51 of the Complaint.

52. Trustee denies the allegations in paragraph 52 of the Complaint.

## TRUSTEE'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, Trustee asserts the following affirmative defenses:

1. The Complaint fails to set forth facts sufficient to state a claim against Trustee.

2. Trustee is informed and believes, and on that basis alleges, that the Complaint is barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute a waiver of any right or rights that Plaintiffs may have in relation to the matters alleged in the Complaint.

3. Trustee is informed and believes, and on that basis alleges, that the Complaint is barred by the conduct, actions, and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought thereby.

4. Trustee is informed and believes, and on that basis alleges, that the Complaint is barred by the doctrine of unclean hands.

4827-0020-0787.3

5. Trustee is informed and believes, and on that basis alleges, that Plaintiffs unreasonably have delayed taking action in connection with the alleged claims, causing substantial prejudice to Trustee, and such claims therefore are barred pursuant to the doctrine of laches.

6. Trustee is informed and believes, and on that basis alleges, that Plaintiffs' Complaint and the claims and any relief sought thereby are barred and/or limited by the applicable statute of limitations.

7. Trustee is not legally responsible with respect to the damages that may be claimed by Plaintiffs as a result of the matters alleged in the Complaint; however, if Trustee is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Trustee parties, persons and entities, or the agents, servants and employees of such non Trustee- parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

8. Although Trustee denies that Plaintiffs have suffered any harm as alleged in the Complaint, to the extent that Plaintiffs have suffered harm, Plaintiffs have failed to mitigate that harm.

9. Plaintiffs are precluded from any recovery from Trustee, or any such recovery must be reduced, as a result of Plaintiffs failure to do equity in the matters alleged in the Complaint.

10. To the extent Plaintiffs have an account with Trustee where there is an outstanding balance, Trustee is entitled to a set off based upon Plaintiffs' failure, if any, to pay a sum due on Plaintiffs' accounts.

11. Plaintiffs' claims are barred and/or limited by the terms of the applicable account documents.

4827-0020-0787.3

12. Plaintiffs' claims are barred and/or limited by Plaintiffs' own breach, failure to perform, and/or their failure to fulfill certain conditions precedent.

13. Plaintiffs' claims are barred and/or limited by their own default and/or breach of the applicable account documents.

14. Plaintiffs' damages, if any, are the result of contributing, intervening, or superseding actions, errors, contributory and other negligence or omissions of individuals and/or entities other than Trustee and for whose conduct Trustee has no control.

15. Plaintiffs have suffered no damages.

16. Plaintiffs' claims for damages, if any, are barred and/or limited by Plaintiffs' contributory and/or comparative negligence.

17. Plaintiffs' damages, if any, are the result of the actions and/or inactions of Plaintiffs.

18. Trustee reserves the right to add additional affirmative defenses as they may be uncovered through discovery or otherwise during the proceedings in the above-captioned case, pursuant to Rule 8 of the Federal Rules of Civil Procedure.

## **TRUSTEE'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs Forest Lake Facilities, LLC and Forest Lake, MN Limited Partnership's Complaint, Defendant Wells Fargo Bank, N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC16, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC16, prays that judgment enter in its favor and against Plaintiffs on each claim for relief asserted against Trustee in the Complaint, that the Complaint be dismissed *with prejudice*, that the Court award Trustee's costs, attorneys' fees, and interest on the same, where applicable, and that the Court grant any such other and further relief that it deems just and proper under the circumstances.

4827-0020-0787.3

Respectfully submitted this 9th day of November, 2017.

**KUTAK ROCK LLP**

By: <u>*/s/ Christopher P. Parrington*</u>
Christopher P. Parrington (#034090X)
Andrew R. Shedlock (#0395655)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4513
Telephone: (612) 334-5000
Facsimile: (612) 334-5050
christopher.parrington@kutakrock.com
andrew.shedlock@kutakrock.com

**\*AND\***

Jeremy Peck, Esq. (*Admitted Pro Hac Vice*)
Kutak Rock, LLP
1801 California Street, Suite 3000
Denver, CO 80202-2626
Telephone: (303) 297-2400
jeremy.peck@kutakrock.com

**ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2006-CIBC16, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-CIBC16**