UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Forest Lake Facilities, LLC,
Forest Lake, MN, Limited Partnership,

Civil No. 17-1766 (DWF/TNL)

Plaintiffs,

v.

**MEMORANDUM
OPINION AND ORDER**

Wells Fargo Bank, N.A.,

Defendant.

---

John M. Koneck, Esq., and Kyle W. Ubl, Esq., Fredrikson & Byron, PA, counsel for Plaintiffs.

Andrew R. Shedlock, Esq., Christopher P. Parrington, Esq., and Jeremy D. Peck, Esq., Kutak Rock LLP, counsel for Defendant.

---

## INTRODUCTION

The plaintiffs in this case are commercial borrowers who filed suit after the defendant refused to consent to a lease modification as needed under the mortgage agreement. Without the modification, the plaintiffs could not make their loan payments, and the defendant foreclosed on the property. The plaintiffs now move for a preliminary injunction to extend the redemption period until the end of the litigation to leave open their ability to recover the property. For the reasons discussed below, the Court denies the plaintiffs' motion.

## BACKGROUND

In 2006, Plaintiffs Forest Lake Facilities, LLC and Forest Lake, MN, Limited Partnership (collectively, "Forest Lake")[1] executed a mortgage with CIBC, Inc. for real property at 1943 West Broadway Avenue, Forest Lake, Minnesota (the "Mortgaged Property") in exchange for a $5.75 million promissory note.  (The Court will refer to the note and the mortgage collectively as the "Loan Documents").  The Loan Documents contained a balloon payment due on July 1, 2016.  Payments under the Loan Documents were "absolute[] and unconditional[]."  (Doc. No. 1-2,. § 2.05.)  Subsequently, Defendant Wells Fargo Bank, N.A. became the registered trustee of the mortgage.

To pay the balloon payment, Forest Lake needed to sell the Mortgaged Property. Forest Lake had leased the Mortgaged Property to Home Depot, and the lease was set to expire on April 30, 2018.  In late 2015, Forest Lake began negotiating a lease extension, which would boost the Mortgaged Property's value.

To modify the lease, Forest Lake needed Wells Fargo's consent.  The Loan Documents contained two relevant provisions in § 1.10:

> (a)   <u>Entering Into Leases</u>.  Borrower will not enter into, modify, amend, consent to cancellation of or terminate any Lease, whether now existing or hereafter entered into, without the prior written consent of Lender, which consent may be granted or withheld at Lender's sole discretion.
> . . .

---

[1]   Although somewhat clunky, the Court will refer to Forest Lake in the singular—e.g., it.

> (c) <u>Amendments to Leases</u>.  Borrower shall not, without the prior written consent of Lender, amend, modify or waive the provisions of any Lease or terminate, reduce rents under, accept a surrender of space under, or shorten the terms of, any Lease (including any guaranty, letter of credit or other credit support with respect thereto) (the foregoing, collectively, a "Lease Modification").

(Doc. No. 1-3.)

Forest Lake requested a modification, but the request was ultimately denied. Without the modification, Forest Lake was unable to sell the Mortgaged Property to make the balloon payment.  Wells Fargo foreclosed on the Mortgaged Property.  Forest Lake contends that Wells Fargo denied the modification in bad faith because Wells Fargo wanted to seize the Mortgaged Property.  Forest Lake has brought five claims:  (1) breach of the mortgage; (2) breach of the implied covenant of good faith and fair dealing; (3) declaratory judgment; (4) tortious interference with a prospective contract; and (5) injunctive relief.

After the filing of this action, Wells Fargo held a sheriff's sale, and Wells Fargo submitted the winning bid for the Mortgaged Property.  Forest Lake has until November 30, 2017, to redeem the property.  Also after filing this action, Home Depot executed an option to extend the lease, and Forest Lake has contracted to sell the Mortgaged Property, with a closing scheduled for November 27, 2017.  Forest Lake now

seeks a preliminary injunction to extend the redemption period until the end of this litigation.[2]

## DISCUSSION

### I. Standard of Review

The Court considers four factors in determining whether to grant a preliminary injunction: (1) the threat of irreparable harm to the moving party; (2) the balance between this harm and the injury that granting the injunction would inflict on the non-moving party; (3) the moving party's likelihood of success on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 113 (8th Cir. 1981). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* A preliminary injunction is an "extraordinary remedy," and the moving party bears the burden of establishing the need for a preliminary injunction. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

### II. Irreparable Harm

To begin, the Court considers whether Forest Lake is likely to suffer irreparable harm if the Court denies its motion. "Irreparable harm occurs when a party has no

---

[2] The parties also dispute the redemption amount. Accordingly, the Court will order that Forest Lake can pay the redemption amount as calculated by Wells Fargo under protest, which will allow Forest Lake to recover the disputed amount if warranted. *See First Const. Credit, Inc. v. Simonson Lumber of Waite Park, Inc.*, 663 N.W.2d 14, 16 (Minn. Ct. App. 2003)

adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).  Speculative injury is insufficient to justify a preliminary injunction, and a moving party's long delay after learning of the threatened harm may indicate that the harm is neither great nor imminent.  *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 894-95 (8th Cir. 2013); *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999).  The moving party's failure to show irreparable harm absent an injunction is sufficient to warrant denial of a request for preliminary injunctive relief.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

Here, Forest Lake has failed to show that it will suffer irreparable harm if the injunction is not issued.  Forest Lake contends that it will be irreparably harmed by the loss of the Mortgage Property.  Forest Lake's argument is premised on the theory that its failure to make the balloon payment was excused by Wells Fargo wrongfully withholding its consent to the lease modification.  With a bilateral contract, the non-breaching party is excused from performing under the contract after a material breach.  *See, e.g.*, *Farmers Ins. Exch. v. West*, Civ. No. 11-2297, 2013 WL 1687704, at *4 (D. Minn. Apr. 18, 2013) (concluding that payment was excused because it was conditioned on compliance with a non-compete agreement); Restatement (Second) of Contracts § 237 cmt. e (1981).[3]  But if

---

[3]      Minnesota courts have consistently cited the Restatement (Second) of Contracts as authoritative on Minnesota contract law.  *See, e.g.*, *Hickman v. SAFECO Ins. Co. of Am.*, 695 N.W.2d 365, 369 (Minn. 2005) (applying Restatement test for intended third-party
(Footnote Continued on Next Page)

the parties' promises are independent of one another, then the non-breaching party is not excused from performance even after a material breach. *See, e.g.*, Restatement (Second) of Contracts § 237 cmt. e; 14 Williston on Contracts § 43:1 (4th ed.). Instead, the non-breaching parties' only remedy is damages. *See* Williston on Contracts § 43:1.[4]

In this case, Forest Lake's obligation to pay was independent of any of the other terms of the Loan Documents. Indeed, the Loan Documents provided that the obligation to pay was absolute and unconditional. (Doc. No. 1-2 at § 2.05.) Thus, even if Wells Fargo did breach the Loan Documents by wrongfully withholding its consent, Forest Lake was still obligated to make the balloon payment. Because Forest Lake failed to make the balloon payment, Wells Fargo properly foreclosed on the Mortgaged

---

(Footnote Continued From Previous Page)
beneficiaries). *Cf. Hy-Vee Food Stores, Inc. v. Minnesota Dep't of Health*, 705 N.W.2d 181, 185 (Minn. 2005) (applying the Restatement for the standard for formation of a contract to interpret Minnesota regulation regarding sales).

[4] At the hearing, Forest Lake argued that even if the obligation to pay was independent, Wells Fargo hindered the payment by denying the modification to the lease. But the non-breaching party must still perform independent obligations under the contract unless the breach prevented non-breaching party from performing. *See Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 671 (8th Cir. 2012) (applying Minnesota law) (concluding that the lender's failure to respond to status requests did not prevent the homeowners from paying their mortgage). Here, Forest Lake has failed to show how Wells Fargo prevented Forest Lake from making the balloon payment. Indeed, Forest Lake has now executed a sales contract without Wells Fargo consenting to the modification. Thus, the Court concludes that Forest Lake was not excused from making the balloon payment due to Wells Fargo's purported breach.

Property. Forest Lake's only remedy for Wells Fargo's purported breach therefore is monetary damages, which means that Forest Lake cannot establish irreparable harm.

But even if Forest Lake could show that its breach was excused, it could still not demonstrate irreparable harm. Forest Lake has contracted to sell the Mortgaged Property before the end of the redemption period. If the sale is completed, then Forest Lake will not lose the Property. If the sale falls through, then Wells Fargo will take the Mortgaged Property. Regardless, with a contract price, a jury will be able to determine the amount of Forest Lake's damages as a result of the breach. Because monetary damages will adequately compensate Forest Lake, it cannot demonstrate irreparable harm. *See Javino v. Pergament*, Civ. No. 13-1951, 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013) ("Indeed, many courts have held that, absent special circumstances, the sale of commercial property does not create an irreparable harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages.")[5] And because Forest Lake has failed to show irreparable harm, the Court

---

[5] Forest Lake cites *Scott v. Wells Fargo* for the proposition that the loss of real property is irreparable harm even if the property is held for investment purposes. In the usual case, the loss of real property constitutes irreparable harm, but here a sale price exists from which a jury can determine the plaintiffs' monetary damages. Indeed, while the plaintiff in *Scott* could show irreparable harm from the loss of a rental home, he did not have a contract to sell the property. *Scott v. Wells Fargo Bank, N.A.*, Civ. No. 10-3368, 2011 WL 381766, at *5 (D. Minn. Feb. 2, 2011) (Davis, J.) (denying a preliminary injunction to extend the redemption period). Thus, the Court concludes that Plaintiffs have failed to show irreparable harm.

declines to consider the other *Dataphase* factors.  The Court therefore denies Forest Lake's motion for a preliminary injunction.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for a Preliminary Injunction (Doc. No. [26]) is **DENIED**.

2. However, if Plaintiffs pay the redemption amount as calculated by Defendant within the redemption period, then Plaintiffs may make the payment under protest and without waiver of or prejudice to Plaintiffs' right to continue to dispute the calculation of the redemption amount by Defendant.

Dated:  November 21, 2017            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge